IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| JONATHAN A. SLAIKEU,<br><br>Plaintiff,<br>v.<br><br>GERARDO OLIVERA,<br><br>Defendant. | Case No. 3:26-cv-00033-SLG-KFR |

**ORDER DENYING PLAINTIFF'S REQUEST TO PROCEED WITHOUT PREPAYING THE $405 FILING FEE & NOTICE OF THREE STRIKE STATUS**

On January 16, 2026, self-represented prisoner Jonathan A. Slaikeu (Plaintiff) filed a civil complaint, a declaration, and an application to proceed without prepaying the filing fee.[1] Since then, Plaintiff has filed multiple motions that are pending before the Court. As explained below, Plaintiff has accumulated at least three strikes, and he has failed to demonstrate that he met the imminent danger exception when he filed this action that would allow him to proceed on his claims without prepaying the full filing fee.[2] Accordingly, the Court now notifies Plaintiff of his three-strike status and addresses his pending motions.

## I. The Three Strikes Rule

The Prison Litigation Reform Act requires that a self-represented prisoner

---

[1] Dockets 1-3.

[2] *Rodriguez v. Cook*, 169 F.3d 1176, 1180 (9th Cir. 1999) (holding that 28 U.S.C. § 1915(g) "does not prevent all prisoners from accessing the courts; it only precludes prisoners with a history of abusing the legal system from continuing to abuse it while enjoying IFP status").

receive a "strike" when a civil case or appeal that he has filed in federal court is dismissed "as frivolous or malicious or fails to state a claim upon which relief may be granted[.]"[3] Once a prisoner-plaintiff has accumulated three strikes, he is prohibited from bringing any other civil rights cases in federal court without prepaying the full filing fee unless he makes "plausible allegations" that, at the time he filed the complaint, he is under imminent danger of serious physical injury.[4] Imminent danger requires an allegation that a harm is "ready to take place" or "hanging threateningly over one's head."[5] It cannot be triggered solely by complaints of past injury or generalized fears of possible future harm.[6] Vague, non-specific allegations are insufficient, and assertions of imminent danger may be rejected as overly speculative, fanciful, or "conclusory or ridiculous."[7]

In addition, "the PLRA requires a nexus between the alleged imminent danger and the violations of law alleged in the prisoner's complaint."[8] In deciding whether such a nexus exists, federal courts consider: "(1) whether the imminent danger of serious physical injury that a three-strikes litigant alleges is *fairly*

---

[3] 28 U.S.C. § 1915(g).

[4] 28 U.S.C. § 1915(g).

[5] *Andrews v. Cervantes,* 493 F.3d 1047, 1056 (9th Cir. 2007) (cleaned up).

[6] *Id.* at 1053 ("The exception's use of the present tense, combined with its concern only with the initial act of 'bring[ing]' the lawsuit, indicates to us that the exception applies if the danger existed at the time the prisoner filed the complaint.").

[7] *Id.* at 1057 n. 11.

[8] *Ray v. Lara,* 31 F.4th 692, 701 (9th Cir. 2022).

*traceable* to unlawful conduct asserted in the complaint, and (2) whether a favorable judicial outcome would *redress* that injury."[9] A prisoner-plaintiff seeking to invoke the imminent danger exception must meet both requirements of the nexus test to proceed.

**II. Plaintiff accumulated at least three strikes prior to filing this case**

The Court takes judicial notice that Plaintiff has filed over ten civil cases in federal court over the last four years.[10] Upon review, Plaintiff has accumulated at least three strikes under Section 1915(g) following the dismissal of some of these cases.

First, *Slaikeu v. Alaska DOC, et al.,* Case No. 22-cv-00188-RRB, was dismissed as a strike after the Court determined that Plaintiff's claims were not capable of being cured by amendment because they were barred by both the statute of limitations and the doctrine of res judicata.[11] Then, in April 2025, the

---

[9] *Id.* at 700 (emphasis in original).

[10] Judicial notice is the "court's acceptance, for purposes of convenience and without requiring a party's proof, of a well-known and indisputable fact; the court's power to accept such a fact." Black's Law Dictionary (12th ed. 2024); *See also United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) ("We may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.") (internal citations and quotation marks omitted).

[11] Docket 15 at 8. *See also El-Shaddai v. Zamora,* 833 F.3d 1036, 1046–47 (9th Cir. 2016) (explaining that under the Ninth Circuit's substance-over-form approach, if a res judicata dismissal effectively reflects that the claim is frivolous or fails to state a claim — because the claim has already been fully and finally adjudicated and cannot be revived by amendment — a court may find it qualifies as a strike)*; Belanus v. Clark,* 796 F.3d 1021, 1027 (9th Cir. 2015) (holding that a dismissal based on the statute of limitations

Ninth Circuit Court of Appeals dismissed Plaintiff's appeals in *Slaikeu v. Mcclenahan, et al.,* Case No. 3:23-cv-00052-SLG,[12] and *Slaikeu v. Mcclenahan, et al.,* Case No. 3:23-cv-00086-SLG.[13] Because the Ninth Circuit expressly dismissed those appeals as frivolous, the dismissal in each case counts as an additional strike.[14]

Therefore, the Court concludes that Plaintiff became a three-strikes litigant pursuant to 28 U.S.C. § 1915(g) on April 24, 2025.[15] Because Plaintiff received at least three strikes before this case was filed on January 16, 2026, he was required to pay the $405 filing fee in full, unless he could demonstrate that he met the imminent danger exception on January 14, 2026, when he filed the case.

**III. Plaintiff fails to demonstrate that the imminent danger exception applies**

Plaintiff's Complaint alleges he developed subclinical hypothyroidism due to Dr. Olivera prescribing high doses of lithium to Plaintiff. A note from a DOC nurse in the file from January 12, 2026 to Plaintiff states, "Your thyroid level is a

---

counts as a PLRA strike).

[12] Case No. 3:23-cv-00052-SLG; Docket 22 (dismissing the appeal as frivolous).

[13] Case No. 3:23-cv-00086-SLG; Docket 19 (dismissing the appeal as frivolous).

[14] *Richey v. Dahne,* 807 F.3d 1202 (9th Cir. 2015) (confirming that the appellate court's dismissal of an inmate's appeal from a qualifying district court dismissal was itself a strike under the PLRA, because the appellate court independently assessed the appeal as frivolous).

[15] *Slaikeu v. Mcclenahan, et al.,* Case No. 3:23-cv-00086-SLG, Docket 19 (order dated 4/24/25).

little elevated which is a common side effect from taking lithium. We will recheck the level in 8 weeks." *See* Docket 6-1 at 7. This do not constitute a "plausible allegation" that, at the time this case was filed, Plaintiff was under "imminent danger of serious physical injury."[16] In fact, Plaintiff checked "no" in response to the question, "[a]re you in imminent danger of serious physical injury" on page 6 of the Complaint.

The three-strikes status inquiry is assessed at the time the original complaint is filed, not when an amended or operative complaint is filed.[17] Thus, for purposes of evaluating whether the imminent danger exception applies, the Court does not consider the amended or proposed amended complaints that Plaintiff has filed since commencing this case. Even if the Court were to consider those other complaints, it would still find the imminent danger exception inapplicable because Plaintiff checked "no" in response to the imminent danger question in each of those filings.[18] Accordingly, Plaintiff must pay the full $405 filing fee if he wishes to proceed with his claims in this case.

"The right to proceed *in forma pauperis* is not an unqualified one. [...] It is a privilege, rather than a right."[19] Section 1915(g) "does not prevent all prisoners

---

[16] 28 U.S.C. § 1915(g).

[17] *Andrews v. Cervantes,* 493 F.3d 1047, 1053 (2007).

[18] *See* Docket 4 at 6; Docket 9-1 at 7; and Docket 13-2 at 7.

[19] *Jefferson v. United States*, 277 F.2d 723, 725 (9th Cir. 1960) (citations omitted).

from accessing the courts; it only precludes prisoners with a history of abusing the legal system from continuing to abuse it while enjoying IFP status."[20] Thus, because Plaintiff's litigation history shows he is one of those prisoners, and he does not plausibly allege to have been in "imminent danger of serious physical injury" at the time he filed his Complaint, he is not entitled to proceed without prepaying the filing fee in this action.[21]

If Plaintiff wishes to proceed with this case, he must pay the full $405.00 filing fee **within 60 days of the date of this order**. The Court will then screen the operative complaint in accordance with 28 U.S.C. §§ 1915(e) and 1915A to determine whether it is subject to dismissal or whether there are any plausible claims that may proceed to the next stage of litigation. Regardless of that outcome, the $405.00 filing fee will not be refunded to Plaintiff. Alternatively, instead of paying the full filing fee at this time, Plaintiff may file a notice of voluntary dismissal in which he elects to close this case.

## IV. Rulings on pending motions

Plaintiff's various motions to amend his claims or file an amended complaint at **Dockets 5, 9, 11, and 13 are DENIED.** If Plaintiff seeks to file an amended complaint, he must, in addition to paying the full $405.00 filing fee, file a motion for leave to amend that complies with Federal Rule of Civil Procedure 15 and Local

---

[20] *Rodriguez v. Cook*, 169 F.3d 1176, 1180 (9th Cir. 1999).

[21] *See Cervantes*, 493 F.3d at 1055.

Rule 15.1. Any motion must attach the proposed amended complaint as an exhibit and otherwise satisfy all requirements of the cited rules.

At Docket 14, Plaintiff filed a typewritten motion for a preliminary injunction, in which he crossed out the defendant's name and case number from a different pending case and handwrote the Defendant's name and this case number in their place. Upon review, Plaintiff's motion for injunctive relief at Docket 14 is identical to the motion he filed in Case No. 3:25-cv-00063-SLG at Docket 47, aside from the defendant's name, the case number, and the Court's markings. Accordingly, Plaintiff's motion for an order directing various DOC employees to cease alleged retaliation at **Docket 14 is DENIED** for the same reasons as recently explained in that other case. Plaintiff may write to the Clerk's office if he needs another copy of that order.

IT IS THEREFORE ORDERED:

1. The referral to the Magistrate Judge is **WITHDRAWN**.

2. Plaintiff's requests to proceed *in forma pauperis* under 28 U.S.C. § 1915(g) at **Dockets 2 and 5 are DENIED** because Plaintiff has accumulated at least three strikes, and he fails to demonstrate he meets the imminent danger exception that would allow him to proceed on his claims without prepaying the full $405.00 filing fee.

3. Plaintiff is accorded **60 days from the date of this order** to either (1) pay the $350 filing fee and $55 administrative fee, a total of $405, or (2) file a

Notice of Voluntary Dismissal, in which Plaintiff elects to close and end this case.

4. If Plaintiff fails to pay the full $405 filing fee **within 60 days of the date of this order,** this case will be dismissed without further notice to Plaintiff.

5. All pending motions are **DENIED**.

6. The Clerk is directed to send form PS09, Notice of Voluntary Dismissal, to Plaintiff with this order.

DATED this 18th day of August, 2026, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
SHARON L. GLEASON
UNITED STATES DISTRICT JUDGE